Filed 2/6/15  P. v. Soto CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F068365 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. PCF285887) |
| EDWIN ROJAS SOTO, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Gary M. Johnson and Glade F. Roper, Judges.[†]

Deborah Prucha and Carol L. Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P.J., Peña, J. and Smith, J.

[†]    Judge Johnson presided over appellant's change of plea.  Judge Roper sentenced appellant.

## PROCEDURAL AND FACTUAL SUMMARY

Appellant, Edwin Rojas Soto, was charged in a criminal complaint filed on July 23, 2013, with felony infliction of corporal injury to a spouse, cohabitant, or the parent of the appellant's child (Pen. Code, § 273.5, subd. (a), count 1)[1] and misdemeanor vandalism (§ 594, subd. (a), count 2). The complaint alleged a prior prison term enhancement (§ 667.5, subd. (b)).

On August 9, 2013, the parties entered into a plea bargain in which appellant would admit the allegations in exchange for an indicated sentence of three years. The court explained to appellant the consequences of changing his plea. Appellant indicated he had enough time to discuss his case with his counsel. The court advised appellant of his rights pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122. Appellant stated he understood his rights and waived them. Appellant also waived his right to a preliminary hearing.

The parties stipulated to a factual basis for the plea. The prosecutor represented that on or about July 21, 2013, appellant assaulted his spouse, C.O., by grabbing her by the throat and slamming her head against a vehicle and causing C.O.'s head to hit the front windshield.[2] The trial court found a factual basis for the plea. Appellant pled no contest to counts 1 and 2 and further admitted the prior prison term enhancement.

On September 6, 2013, the trial court sentenced appellant to state prison for the midterm of three years on count 1 and did not impose a sentence for the prior prison term enhancement pursuant to the terms of the plea agreement. Appellant was granted 48 days of actual custody credits, 48 days of conduct credits, and total custody credits of 96 days.

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    According to the probation officer's report, appellant grabbed C.O. by the throat and initially slammed her against a parked car, causing damage to the driver's side fender. Appellant then slammed C.O.'s head into the windshield of the vehicle, causing the windshield to shatter.

The court imposed a $600 restitution fine, awarded victim restitution of $1,852.42, and imposed other fines and fees. Appellant did not obtain a certificate of probable cause.

Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on January 28, 2014, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.